## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE MATZKIN, ESQ., : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: 3:24-cv-01067-OAW |
| vs. : | |
| : | Date: February 9, 2026 |
| ANDRE CAYO, ESQ., : | |
| : | |
| Defendant. : | |

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Bruce Matzkin moves for summary judgment on the following claims of his Complaint:

1. Count One for Breach of Contract;

2. Count Two for Statutory Theft; and

3. Count Three for Breach of the Covenant of Good Faith and Fair Dealing.

Additionally, Bruce Matzkin moves for summary judgment on all of Andre Cayo's counterclaims.

Submitted herewith are the plaintiff's Local Rule 56(a)(1) Statement of Undisputed Material Facts with Affidavit of Bruce Matzkin and accompanying exhibits 1-10, and Memorandum of Law In Support of Plaintiff's Motion for Partial Summary Judgment.

As discussed in detail in the accompanying Memorandum of Law and supported by the Affidavit of Bruce Matzkin:

There is no genuine issue of material fact that Matzkin and Cayo had a contract under which Matzkin was owed 50% of the contingency fee from an underlying lawsuit in which they

1

jointly represented the plaintiff, and that Cayo has not paid Matzkin, so Matzkin is entitled to judgment as a matter of law on Count One (Breach of Contract).

There is also no genuine issue of material fact that Matzkin had the right to receive 50% of the fee and that Cayo procured and wrongfully kept Matzkin's rightful 50% of the fee with the intent to permanently deprive him of it, entitling Matzkin to judgment as a matter of law Count Two (Statutory Theft, Conn. Gen. Stat. 52-564).

Additionally, in light of Cayo's written attempt to extort Matzkin to relinquish or drastically reduce his fee, there is no genuine issue of material fact that Cayo engaged in conduct that injured Matzkin's right to receive the 50% he reasonably expected to receive under his contract with Cayo and that Cayo was acting in bad faith, so Matzkin is entitled to judgment as a matter of law on Count Three (Breach of the Covenant of Good Faith and Fair Dealing).

Additionally, Cayo's first three counterclaims (clumped together) fail as a matter of law because they are all based on the assertion that his agreement to split the fee 50-50 was "because he believed MATZKIN would assist 50/50 with the jury selection and trial" and this assertion is so "blatantly contradicted by the record" that the Court is not required to, and should not, adopt it for purposes of ruling on summary judgment.

Finally, Cayo's fourth counterclaim (negligent infliction of emotional distress) fails as a matter of law because it is devoid of any factual underpinning beyond reciting the elements and would have been susceptible to a 12(b)(6) motion for failure to state a claim.

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing via electronic mail to the following on February 9, 2026:

Andre Cayo, Esq.
84 W. Park Place, 3rd Floor
Stamford, CT 06901
cayolaw@gmail.com

/s/ **Donato J. Rinaldi, Esq.**

Donato J. Rinaldi, Esquire
Bar Number CT31631
e-service@rinaldilawpa.com
RINALDI LAW, P.A.
9310 Old Kings Road South
Suite 302
Jacksonville, FL 32257
(904) 328-6134
Counsel for Bruce Matzkin